IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NARENDRA SHARMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:21-CV-03151-MDH |
| ) | |
| GEORGE SHIPMAN and WAYNECO, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants George Shipman's and Wayneco, LLC's, ("Wayneco) (together "Defendants") Motion for Summary Judgment (Doc. 31) and pro se Plaintiff Narendra Sharma's Cross-Motion for Summary Judgment (Doc. 33). For the reasons set forth herein, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's Motion is **DENIED.**

## BACKGROUND

Plaintiff is a licensed insurance agent in California and, prior to the events of this case, owned and operated a hotel in Kansas City, Missouri. The subject property in this case is a 40-room hotel at 3510 Highway 76 Country Blvd, Branson, Missouri, known as the "Queen Ann Hotel" ("the hotel"). Defendant Wayneco at all times relevant to this case was a Missouri limited liability company. Wayneco was the owner of the hotel and Defendant George Shipman was its managing member. The hotel was closed by a prior owner in November 2019 and has not opened since.

The contract between Plaintiff and Defendants for the sale of the hotel to Plaintiff was evidenced by two documents: (1) an "Agreement to Buy and Sell Outline" dated January 10, 2021; and (2) a "Supplemental Modified Purchase Agreement Limited to Rooms Only" dated February 11, 2021. Neither document provided for attorney fees. Before preparing and signing the contract documents, Plaintiff had never been to Branson, Missouri. He did not see or inspect the hotel before signing. Plaintiff arranged for Tri-Lakes Title & Escrow ("Tri-Lakes") to act as escrow and closing agent and Plaintiff initially deposited $40,000.00 with Tri-Lakes.

Plaintiff states that, despite the agreement between the parties, Defendants did not secure a lodging license and a fire permit to operate the hotel by the agreed upon date of April 1, 2021, or on several subsequent proposed dates. Plaintiff also asserts that Defendants were aware of certain structural code violations on the property, and that the "[hotel] was in a very bad condition to the point it was inhabitable." (Doc. 33 at 2). According to Plaintiff, in early June 2021, he became aware of continuing problems between the City of Branson, Missouri and Defendants to secure the required permits to open the hotel for business. Plaintiff alleges Defendants did not have an intent to perform their obligations under the contract.

On June 16, 2021, Plaintiff sent Defendants an email stating that he spoke to Defendants' attorney and that Plaintiff had "chosen to pull out of the agreement to buy the Branson property. Please take necessary steps." (Doc. 32 at 2). On the same day, Plaintiff sent Tri-Lakes an email, which stated: "Unfortunately, it appears we are not able to close escrow. What need to take care (sic) to cancel the escrow." *Id.* at 3. Tri-Lakes proposed a "Mutual Release". Plaintiff signed the Mutual Release, but Defendants did not sign it. The Mutual Release signed by Plaintiff recited that he was releasing every other party "from all claims" and was acknowledging "termination of the contract." Defendants did not object to Plaintiff withdrawing his money from the escrow account.

In a June 24, 2021, email, Defendant Shipman stated he would consider a new contract with Plaintiff on terms different from those in the original contract documents.

After signing the Mutual Release, Plaintiff removed from the hotel fire protection equipment he had stored there including the pull stations and the room monitors and detectors; removed from the hotel parking lot a large POD of furniture he had stored there; and cancelled insurance he had purchased on his expected interest in the hotel. A new contract was never made by the parties.

Plaintiff's Amended Complaint brings three claims. First, in Count I, Plaintiff seeks specific performance of the contract to sell the hotel to Plaintiff and complete other specified work as required by the contract. Plaintiff alleges that he performed his obligations under the contract and Defendants refused to perform their obligations, which prevented closing and transfer of title from proceeding as planned on or before the original contract date of April 1, 2021. Second, in Count II, Plaintiff states a claim for fraud relating to various representations by Defendants as to the condition of the hotel for opening, progress being made on the hotel, and Defendant Shipman not disclosing that Wayneco was a title owner of the property or that Shipman was a member of Wayneco. Plaintiff also requests attorney fees in Count II. Lastly, in Count III, Plaintiff brings a claim for breach of implied covenant of good faith and fair dealing. Defendants bring this Motion for Summary Judgment (Doc. 31), and Plaintiff subsequently filed his Cross-Motion for Summary Judgment. (Doc. 33).

## STANDARD OF REVIEW

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not

find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**DISCUSSION**

A. **Counts I and III**

Plaintiff brings claims for specific performance of the contract (Count I) and breach of implied covenant of good faith and fair dealing (Count III). Defendants' argument is "whatever contract claims plaintiff has are subject to the defense of anticipat[ory] repudiation amounting to a breach or recission." While Defendants make an argument that Plaintiff breached the contract to sell the hotel with his actions beginning June 16, 2021, Defendants do not make any attempt to defend against Plaintiff's allegations that Defendant's breached the contract prior to June 16, 2021.

Defendants' sole argument in defense against Plaintiff's Amended Complaint is that Plaintiff breached the contract on or after June 16, 2021. "Anticipatory repudiation constitutes a total breach if there has been a positive statement to the promise…indicating that the promisor will not or cannot substantially perform his contractual duties." *Wooster Republican Printing Co. v. Channel 17 Inc.,* 533 F. Supp. 601, 619 (W.D. Mo. 1981), *aff'd* 642 F.2d 165. The repudiation of an executory contract occurs when a party to the contract manifests a positive intention, by word or deed, not to perform. *Bolt v. Giordano*, 310 S.W. 3d 237, 245 (Mo. App. E.D. 2010).

4

Defendants argue that Plaintiff's email on June 16, 2021, which stated that he was pulling out of the agreement to buy the hotel was the beginning of Plaintiff's repudiation. Defendants also cite Plaintiff's June 24, 2021, email which acknowledged that the old contract was to be considered terminated; Plaintiff's signing of the Mutual Release and removing his escrow money; and removing equipment from and cancelling insurance on the hotel.

Defendants' argument is logical, but Defendants' failure to address the claims asserted against them does not support an entry of summary judgment in Defendants' favor. Plaintiff's Amended Complaint alleges that Defendants breached the contract before Plaintiff made the decision to effectively end his involvement in the contract. Specifically, Plaintiff asserts, both in the Amended Complaint and his briefings on the instant motions, that Defendants breached the contract by failing to make the hotel suitable for operation by April 1, 2021, and other subsequent deadlines that were agreed to. At no point in Defendants' Motion or subsequent briefings do Defendants contend that they did not breach the contract prior to June 16, 2021.

The Court finds that genuine issues of material fact remain regarding what actions relating to the alleged breaches of the contract both parties took and when. The briefings on the motions at hand identify disputes as to when the hotel was issued permits to begin to abate structural code violations; whether Defendants performed their obligation under the original contract (particularly with respect to readying the hotel to be opened); the dates on which Defendants owed performance; whether Defendant Shipman attempted to change the terms of the contract or threatened to breach it on May 7, 2021; whether Defendants had the intent to perform the contract; and more. Accordingly, the Motion for Summary Judgment and Cross-Motion for Summary Judgment are **DENIED** with respect to Counts I and III in Plaintiff's Amended Complaint.

## B. Count II

Count II of Plaintiff's Amended Complaint states a claim for fraud against Defendants. It also includes a request for attorney fees. With respect to the attorney fees, Defendants note that the contract documents at issue do not provide for recovery of attorney fees by either party. Defendants also argue that there are no other issues or facts in the case justifying deviation from the "American Rule" that requires litigants to pay their own attorney fees. *See Burris v. Burris*, 904 S.W.2d 564, 571 (Mo. App. S.D. 1995). Plaintiff at no point in his briefings on the motions at hand disputes Defendants' argument on this issue. The Court **GRANTS** Defendants' Motion for Summary Judgment (Doc. 31) as to attorney fees relating to the breach of contract claim.

As to the fraud claim in Count II, Defendants once more fail to fully address the claims against them. To satisfy the requirements of common law fraudulent misrepresentation, Plaintiff must show (1) a false representation by Defendants; (2) intent by Defendants that Plaintiff rely on that misrepresentation; (3) Defendants' knowledge that it was false; (4) the representation was material; (5) Plaintiff's reasonable reliance on the representation; and (6) Plaintiff suffered damage as a direct result of that reliance. *See, i.e., John T. Brown, Inc. v. Weber Implement & Auto Co.*, S.W.2d 751, 755 (Mo. 1953). Defendants argue only that Plaintiff cannot show the element of reasonable reliance.

Defendants assert that Plaintiff's reliance must have been "an act of ordinary prudence." *See Orlann v. Laederich*, 92 S.W.2d 190, 194 (Mo. 1936). Defendants argue, solely, that Plaintiff's purported reliance was not sufficient for purposes of the fraud claim, because Plaintiff did not inspect the hotel before he signed the contract. There is no dispute that Plaintiff did not inspect the hotel, nor does Plaintiff argue that he did not have the means or an opportunity to look at or inspect the hotel before he signed the contract.

However, once again, Defendants ignore the Amended Complaint. While Plaintiff implies that the state of the hotel was not known to him until after he relied on Defendants' representations on it, his allegations focus on Defendants' alleged lack of intent to perform the contract they agreed to. Plaintiff points again to Defendants allegedly not taking appropriate actions to make the hotel ready to open for business. The same genuine disputes of material facts discussed above also preclude an entry summary judgment on Count II. Accordingly, the Defendants' Motion for Summary Judgment (Doc. 31) and Plaintiff's Cross-Motion for Summary Judgment (Doc. 33) are **DENIED** as to the fraud claim in Count II.

## CONCLUSION

The Court finds that genuine issues of material facts remain relating to all counts in Plaintiff's Amended Complaint. The Court rules in favor of Defendants with respect to Plaintiff's request for attorney fees under the contract. Defendants' Motion for Summary Judgment (Doc. 31) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Cross-Motion for Summary Judgment (Doc. 33) is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 22, 2022

*/s/ Douglas Harpool*
**Douglas Harpool**
**United States District Court**