IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NARENDRA SHARMA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 6:21-CV-03151-MDH |
| GEORGE SHIPMAN and WAYNECO, LLC, | ) ) ) |
| Defendants. | ) ) ) |

## ORDER

Before the Court is Plaintiff's pro se Motion for Reconsideration of the Court's Order (Doc. 36) granting in part and denying in part Plaintiff's cross-motion for summary judgment (Doc. 37). While not entirely clear, Plaintiff appears to move the Court to reconsider its decision denying Plaintiff summary judgment on his breach of contract and fraud claims.

Pursuant to Federal Rule of Civil Procedure 54(b), a district court has "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (internal quotations and citation omitted). The Court can consider an order "to correct any clearly or manifestly erroneous findings of fact or conclusions of law." *McCormack v. Adel Wiggins Group*, 2017 WL 1426009 at *2 (E.D. Mo. 2017).

Courts should use this power sparingly. Typically, a court should grant the motion to reconsider if the prior decision: "(1) misunderstood a party, (2) made a decision outside of the adversarial issues, or (3) would be rendered incorrect because of a controlling or significant change in law since the issues were submitted to the Court." *Trickey v. Kaman Industrial Technologies*

1

*Corp.*, 2011 WL 2118578 at *2 (E.D. Mo. 2011). "When evaluating whether to grant a motion to reconsider, the Court also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." *Id.* Furthermore, even though a court "has the power to revisit prior decisions of its own in any circumstance, it should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Evans v. Contract Callers, Inc.*, 2012 WL 234653 at *2 (E.D. Mo. 2012), quoting *Christianson v. Colt Indust. Operating Corp.*, 486 U.S. 800, 817 (1988) (other internal citations and quotations omitted).

Plaintiff's instant Motion does not meet the requirements of F.R.C.P. 54(b). Plaintiff reiterates facts and arguments that were before the Court in the underlying motions for summary judgment. The facts Plaintiff wishes to emphasize in his Motion additionally do not speak to an argument that the Court misunderstood a party, made a decision outside of the adversarial issues, or would be rendered incorrect because of a controlling or significant change in law since the issues were submitted to the Court. Because Plaintiff's Motion is an attempt to reargue his cross-motion for summary judgment, the Motion for Reconsideration at hand lacks merit under F.R.C.P. 54(b). The Motion (Doc. 37) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 11, 2022                    */s/ Douglas Harpool*
                                                                                     **Douglas Harpool**
                                                                                     **United States District Court**